NOTICE
Decision filed 05/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240393-U

NO. 5-24-0393

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 24-CF-52 |
| | ) | |
| DEWAYNE E. CORBETT, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's order denying the defendant's motion to reconsider his pretrial detention is affirmed where the circuit court properly conducted the hearing via Zoom video conference.

¶ 2    The defendant, Dewayne E. Corbett, appeals the March 13, 2024, order of the circuit court of Jefferson County that denied the defendant's oral motion to reconsider pretrial release. For the following reasons, we affirm the circuit court's order.

¶ 3                                    I. BACKGROUND

¶ 4    On February 21, 2024, the defendant was charged with one count of attempted residential burglary, a Class 2 felony, and one count of criminal damage to property, a Class A misdemeanor. On February 22, 2024, the State filed a verified petition to deny the defendant pretrial release. The same day, the circuit court held a hearing on the State's petition to deny the defendant pretrial

1

release. The defendant was present in person for this hearing and was represented by counsel. Following the hearing, the circuit court entered a written order denying the defendant pretrial release. The defendant did not appeal this order.

¶ 5 On February 28, 2024, the defendant appeared in person before the circuit court for his arraignment. The defendant waived a formal arraignment and entered a plea of not guilty. The circuit court set the matter for a pretrial conference on March 13, 2024.

¶ 6 On March 13, 2024, the matter was set for a pretrial conference. The defendant was in custody and appeared by Zoom video conference. The defendant, through counsel, made an oral motion to be heard regarding the defendant's ongoing detention. Counsel argued that the defendant's pretrial detention should be reconsidered due to a change in circumstances. Counsel argued that the defendant had been diagnosed with Crohn's disease prior to his arrest. The defendant alleged that he was not receiving proper treatment for his Crohn's disease while in detention. The defendant complained of intense pain in his stomach and abdominal area as well as bloody stool. Counsel was unable to present any evidence of the diagnosis to the court and agreed that the foregoing was based on the self-reporting of the defendant. The State noted that the presentence investigation report indicated that the defendant did not provide any medical history other than his history of methamphetamine use. Additionally, the defendant reported that he had been homeless for six months prior to his detention. Following argument, the circuit court made an oral pronouncement denying the motion for reconsideration of the defendant's pretrial detention and recorded same in a docket entry.

¶ 7 The following day, the defendant filed a timely notice of appeal. The Office of the Appellate Defender (OSAD) was appointed to represent the defendant in this appeal and filed a memorandum in support of the Rule 604(h) appeal (Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023)).

¶ 8                                    II. ANALYSIS

¶ 9      On appeal, OSAD filed a Rule 604(h) memorandum in support of the defendant's appeal

that argued one issue for review—whether the trial court erred by conducting the March 13, 2024,

hearing via Zoom conference rather than in person. This is a different issue than those asserted by

the defendant in his notice of appeal using the standardized notice of appeal form. We will consider

only the issue raised in the defendant's supporting memorandum. "[I]f a memorandum is filed, it

will be the controlling document for issues or claims on appeal and we will not reference the notice

of appeal to seek out further arguments not raised in the memorandum, except in limited

circumstances, *e.g.*, to determine jurisdiction." *People v. Forthenberry*, 2024 IL App (5th) 231002,

¶ 42.

¶ 10     The sole issue raised in the defendant's memorandum is that the circuit court erred in

conducting the defendant's continued detention hearing via a Zoom conference instead of in

person, purportedly in violation of section 110-6.1(f)(3.5) of the Code of Criminal Procedure of

1963 (Code) (725 ILCS 5/110-6.1(f)(3.5) (West 2022)).The applicable standard of review when

we review the circuit court's interpretation and compliance with a statute involves a question of

law which we review *de novo. People v. Shockley*, 2024 IL App (5th) 240041, ¶ 11; *People v.*

*Barber*, 381 Ill. App. 3d 558, 559 (2008).

¶ 11     The State notes that the defendant forfeited review of this issue by failing to object to the

procedure in the circuit court. The defendant concedes that the alleged error was unobjected to,

but he alleges we should review the matter under a plain-error analysis. "[F]orfeiture is a limitation

on the parties and not the reviewing court, and we may overlook forfeiture where necessary to

obtain a just result or maintain a sound body of precedent." *People v. Holmes*, 2016 IL App (1st)

132357, ¶ 65. We elect to overlook forfeiture in this instance to maintain a sound body of precedent.

¶ 12    The defendant argues that the circuit court violated section 110-6.1(f)(3.5) of the Code by conducting the hearing on his motion to reconsider via Zoom video conference. The relevant portion of the Code states as follows:

"A hearing at which pretrial release may be denied must be conducted in person (and not by way of two-way audio visual communication) unless the accused waives the right to be present physically in court, the court determines that the physical health and safety of any person necessary to the proceedings would be endangered by appearing in court, or the chief judge of the circuit orders use of that system due to operational challenges in conducting the hearing in person. Such operational challenges must be documented and approved by the chief judge of the circuit, and a plan to address the challenges through reasonable efforts must be presented and approved by the Administrative Office of the Illinois Courts every 6 months." 725 ILCS 5/110-6.1(f)(3.5) (West 2022).

¶ 13    The State argues that the hearing and order from which the defendant appeals is not required to be in person based on the aforementioned section. We agree with the State. Section 110-6.1(f)(3.5) involves "[a] hearing at which pretrial release may be denied." *Id.* In this case, the defendant already had an in-person hearing on February 22, 2024, at which time his pretrial release was denied. The hearing that was conducted on March 13, 2024, was scheduled as a pretrial conference. It was at that time that the defendant, through his counsel, made an oral motion to reconsider the defendant's pretrial release. This hearing was a subsequent hearing under section 110-6.1.

4

¶ 14 Further, if we were to assume the hearing that the defendant complains of was a "hearing at which pretrial release may be denied," a review of the entire section reveals an exception if

> "the chief judge of the circuit orders use of that system due to operational challenges in conducting the hearing in person. Such operational challenges must be documented and approved by the chief judge of the circuit, and a plan to address the challenges through reasonable efforts must be presented and approved by the Administrative Office of the Illinois Courts every 6 months." 725 ILCS 5/110-6.1(f)(3.5) (West 2022).

An order of the Illinois Supreme Court entered in M.R. 31888 on August 30, 2023, permits these "hearings to be conducted by two-way audiovisual communication systems if, among other exceptions, the chief judge of the circuit orders the use of those systems due to operational challenges in conducting the hearings in person." On September 15, 2023, the chief judge of the Second Judicial Circuit entered Administrative Order No. 2023023, which "approve[d] the operational challenges as documented by Illinois Supreme Court Order M.R. 31888 entered on August 30, 2023, and orders the use of two-way audio-visual communication systems within the Second Judicial Circuit for purposes of conducting any hearings related to pretrial detention or conditions of pretrial release were necessary."

¶ 15 Accordingly, the circuit court did not err in conducting the hearing on the defendant's motion to reconsider his pretrial detention via Zoom video conference pursuant to the aforementioned administrative orders. At this point, we find it prudent to remind counsel of their ethical obligations regarding frivolous appeals. See *People v. Davis*, 2024 IL App (5th) 240120, ¶¶ 18-26.

¶ 16 Yet another reason that the defendant's appeal must fail is that the defendant invited the error he now seeks to complain of. At the beginning of the Zoom video conference, the defendant,

5

through his counsel, requested to be heard on a motion to reconsider the defendant's pretrial release—a request for the hearing to be scheduled at a later time, in person, was not made. "Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error." *People v. Carter*, 208 Ill. 2d 309, 319 (2003). The hearing that occurred via Zoom video conference at the defendant's request precludes the defendant from raising such course of conduct as error on appeal. *Id.*

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated herein, the circuit court did not err in conducting the March 13, 2024, hearing via Zoom video conference. Therefore, we affirm the circuit court's order of March 13, 2024.


¶ 19    Affirmed.